STATE OF CONNECTICUT *v.* HARRY C. GIORDESE

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 26, 1965

*Raymond C. Lyddy,* of Bridgeport, for the defendant.

*John F. McGowan,* assistant state's attorney, for the state.

BY THE DIVISION. After a partial trial before a jury, the defendant pleaded guilty to a charge of indecent assault, in violation of § 53-217 of the General Statutes, which prescribes a penalty of not more than ten years. The court at first imposed a sentence of not less than two years and not more than seven years but later, on its own motion, modified the sentence to one of not less than two years and not more than five years. As a result of the

modification, the maximum term was reduced two years.

The evidence at the trial indicated that on July 4, 1963, the defendant, while driving his car, saw a sixteen-year-old boy standing on a street corner. He stopped to talk with the boy on the pretext of inquiring where he could purchase cigarettes. He invited the boy into his car and asked where girls could be located in the town. He drove to an isolated spot where he committed the indecent act of fellatio. The defendant's explanation was that he could not control himself, that the boy was very willing, and he felt some of the blame should fall upon the boy. The defendant was then thirty-one years old.

In 1950, when the defendant was nineteen years old, he was committed to a state hospital in Rhode Island for offenses involving indecent assaults upon a sixteen-year-old boy. In 1959, when he was twenty-seven years old, he committed an act of fellatio upon an eighteen-year-old youth, for which he was sentenced to a term of one to five years in the Connecticut state prison. He was released from his parole in June of 1963, and committed this offense a few weeks later.

At the hearing before this division, the defendant's attorney stated that he could not say the sentence in question was unfair but was critical of the prior one-to-five-year sentence for the same offense. He requested that the defendant be released for treatment.

The trial court in passing sentence stated that sixteen-year-old boys must be protected from people like the defendant. In view of the defendant's history and record, and particularly in view of the fact that the defendant had been confined in the state prison for a similar offense, we agree that the only available effective method of protecting young

people from the defendant was to order him confined in prison. The sentence of two to five years was fair, and should stand.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.